Avert, J.
The first question arising in this case is, whether tho original bill, with its injunction, can bo sustained. This, of course, must depend upon the rights of a judgment creditor, having an execution against one of the partners for his separate debt.
The goods of the firm, being personal property, and held always* subject to levy under an execution at law against all the partners for a partnership debt, must be deemed to be held by the same title, and the share of each partner to be held likewise subject at law to levy, under an execution against him individually. But though this property may be seized and thus withdrawn from the debtor’s control, it does not necessarily follow that it must be sold also under the execution. If the sale could not bo restrained, great injustice *might very often be the consequence ; for in many, perhaps in most cases, neither the sheriff nor the debtor nor any other person could make known at tho sale what property the purchaser would take. The interest of the partner can not be ascertained, till all the partnership accounts are arranged; and it is well settled that this interest is a certain share of the surplus after all of the demands against the firm, including those of the partners individually, are paid. It is this share of the surplus only, which can be sold under the execution, and to secure a fair sale of it, the value must be known. This can be accomplished through the aid of a court of equity alone, where all the intricate affairs of a partnership may be examined and adjusted. A resort to this court, in cases like the present,-may become important to secure the rights, sometimes of judgment creditors, at other times of the debtor, and sometimes, as here, to secure the rights of other partners. We see no objection to allowing tho remedy in either case. The present complainant, when the levy was made, had at once a direct interest to bring the concerns of tho partnership to a close; to apply the effects of every description to the payment of the debts of the firm; and to prevent a sacrifice of the judgment debtor’s share, because by such a sacrifice his own share might be burdened. The complainant prays, that an account be taken between the parties, of the amount due by the firm ; that the same bo first paid out of tho property of the firm, and that complainant’s interest in the surplus be paid, before execution creditors bo permitted to assert their claim on the property and apply it to the payment of the separate debt of Adam Wolf. This prayer of the bill will be granted ; the accounts be sent to a master for exami *122 nation and report, and the injunction in the meantime be continued.
The cross-bill will be dismissed, as the allegations are not sufficiently supported by the proof.